IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

INTERNATIONAL PAINTERS       *
ALLIED TRADES INDUSTRY
PENSION FUND, *et al.*,       *

      *Plaintiffs*,       *

      v.       *       Civil Action No. RDB-23-3021

ARCHITECTURAL SIGN       *
GROUP, Inc., *et al.*,
      *

      *Defendants.*

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM ORDER

This ERISA litigation was initiated by Plaintiffs' filing of a three-count Complaint (ECF No. 1) against Defendants on November 6, 2023.   Defendants were served on November 13, 2023, (ECF No. 4), but after they failed to timely respond, Plaintiffs filed a request for entry of default.  (ECF No. 5.)  The Clerk's office entered an Order of Default and issued Notices of Default to the Defendants on December 21, 2023.  (ECF Nos. 6–9.)  On February 26, 2024, Plaintiffs moved for default judgment, (ECF No. 10), which this Court granted on March 1, 2024.   (ECF No. 11.)   The same Order "ordered [Defendant Architectural Sign Group, Inc.] to produce to Plaintiffs and/or Plaintiffs' Auditor all relevant documents required to complete the audit of its payroll records within fourteen (14) days of the date of this Court's Order."   (*Id.* at 2.)   The Order was served on Defendants on March 12, 2024.  (ECF No. 12.)

On July 17, 2024, the Plaintiffs filed a Motion for Contempt of Court Against Defendants (the "Motion") (ECF No. 13), which remains pending.   Therein, the Plaintiffs

complain that certain required audit documents are still outstanding.  (*Id.* ¶¶ 1–3.)  As such,

Plaintiffs move pursuant to Fed. R. Civ. P. 70(a)[1] and (e),[2] requesting that the Court find

Defendants in contempt of Court and impose a monetary sanction for every day that

Defendants fail to produce the remaining records for audit.  (*Id.* ¶¶ 4–7.)

On September 10, 2024, this Court held a show cause hearing (the "September 10

hearing") to determine whether Defendants Architectural Sign Group, Inc., and Abbas Jaffer

and Rehana Jaffer, individually, should be held in contempt of this Court's Order.  (ECF No.

21.)  Counsel for Plaintiffs participated telephonically.  Defendants did not participate in the

hearing, despite having notice. (ECF No. 20.)

During the September 10 hearing, Plaintiffs' counsel informed the Court that

Defendants had produced some of the outstanding documents to Plaintiffs in the hours

leading up to the hearing, but emphasized that some of the requested documents remained

outstanding.  (ECF No. 22 at 1–2.)  In light of this representation, this Court issued a Letter

Order noting that:

> (1) The Court had reserved Wednesday, October 2, 2024 at 2:30 PM for a continuation of the September 10 hearing and Plaintiffs' Motion (ECF No. 13) would be held in abeyance until that time; and
>
> (2) The Court would require Defendants and counsel for Plaintiffs to attend the instant hearing in-person.

(*Id.* at 2.)  The same Letter Order directed the Clerk of Court to cause the Court's Letter Order

to be sent via first-class mail to Defendants.  (*Id.*)

---

[1]  Fed. R. Civ. P. 70(a) provides that: "If a judgment requires a party to convey land, to deliver a deed or other document, or to perform any other specific act and the party fails to comply within the time specified, the court may order the act to be done—at the disobedient party's expense—by another person appointed by the court. When done, the act has the same effect as if done by the party."

[2]  Fed. R. Civ. P. 70(e) provides that: "The court may also hold the disobedient party in contempt."

And so, on October 2, 2024, the Court held the continued show cause hearing (the "October 2 hearing") to determine whether Defendants Architectural Sign Group, Inc., and Abbas Jaffer and Rehana Jaffer, individually, should be held in contempt of this Court's Order. Despite having notice of the hearing, Defendants did not participate in the October 2 hearing. Counsel for Plaintiffs represented that Defendants had produced additional documents in the days leading up to the October 2 hearing, but emphasized that some of the requested documents still remained outstanding. Plaintiffs stressed that, without some kind of extrinsic factor, it seemed likely that Defendants would continue to resist complying this Court's Order. Plaintiffs provided the Court with a copy of recent email communications between Plaintiffs' counsel and Defendant Abbas Jaffer, as well as an individual named Peter T. Connor, who appears to be an attorney assisting the Defendants but is not an attorney of record in this matter, wherein the Defendants' continued lack of compliance with the Court's Order and the October 2 hearing are discussed. Plaintiffs' counsel also indicated that Plaintiffs had incurred additional attorneys' fees and costs associated with pursuing Defendants' compliance with the Court's Order.

To establish civil contempt, a movant must show each of the following elements by "clear and convincing evidence":

> (1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) that the decree was in the movant's "favor"; (3) that the alleged contemnor by its conduct violated the terms of the decree, and had knowledge (at least constructive knowledge) of such violations; and (4) that the movant suffered harm as a result.

*United States v. Ali*, 874 F.3d 825, 831 (4th Cir. 2017) (quoting *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 301 (4th Cir. 2000)). Here, requirements (1) and (2) are clearly satisfied with respect to

all three Defendants. The Court is satisfied that Plaintiffs have established the third

requirement with respect to Abbas Jaffer, who is included on the aforementioned email chain

discussing Defendants' continued lack of compliance with the Court's Order and the

October 2 hearing. Lastly, the Court is satisfied that Plaintiffs have established that they have

suffered harm as a result of Defendants' violations of this Court's Order, as Plaintiffs have

incurred additional attorneys' fees and costs as a result of Defendants' noncompliance.

Accordingly, and as noted on the record at the October 2 hearing, the Court **GRANTS**

Plaintiffs' Motion for Contempt of Court (ECF No. 13) with respect to Defendant Abbas

Jaffer. As discussed on the record at the October 2 hearing, Plaintiffs' Motion for Contempt

of Court (ECF No. 13) will be **HELD IN ABEYANCE** with respect to the corporate

Defendant Architectural Sign Group and the individual Defendant Rehana Jaffer.

A court may impose a coercive fine to obtain compliance with its order. *Int'l Union v.*

*Bagwell*, 512 U.S. 821, 833 (1994). When ordering a coercive fine, a court must provide the

contemnor with an opportunity to purge. Accordingly, the Court sets a deadline of thirty days

from the date of this Order (i.e., November 1, 2024) for Defendant Abbas Jaffer to fully

comply with this Court's Order. Plaintiffs **SHALL FILE** a status report twenty days from

the date of this Order (i.e., October 22, 2024).

In sum, for the reasons stated above and on the record at the October 2, 2024 hearing,

it is this 2nd day of October, 2024, hereby **ORDERED** that:

1)  Plaintiffs' Motion for Contempt of Court (ECF No. 13) is **GRANTED** with

    respect to Defendant Abbas Jaffer;

2)  Defendant Abas Jaffer shall comply with this Court's Order (ECF No. 11) no later

than thirty days from the date of this Order (i.e., November 1, 2024);

3) Plaintiffs' Motion for Contempt of Court (ECF No. 13) is **HELD IN ABEYANCE** with respect to the corporate Defendant Architectural Sign Group and the individual Defendant Rehana Jaffer;

4) Plaintiffs **SHALL FILE** a status report twenty days from the date of this Order (i.e., by October 22, 2024); and

5) The Clerk of Court shall cause this Order to be sent via first-class mail to Defendants:

> Architectural Sign Group, Inc.
> 145 Meacham Ave
> Elmont, NY 11003-2633
> c/o Abbas Jaffer, Principal;
>
> Abbas Jaffer, an individual,
> 145 Meacham Ave
> Elmont, NY 11003-2633; and
>
> Rehana Jaffer, an individual
> 145 Meacham Ave
> Elmont, NY 11003-2633.

/s/
_____
Richard D. Bennett
United States Senior District Judge
